Rent Stabilization Assn. of N.Y.C., Inc. v McKee (2025 NY Slip Op 50340(U))

[*1]

Rent Stabilization Assn. of N.Y.C., Inc. v McKee

2025 NY Slip Op 50340(U)

Decided on March 18, 2025

Supreme Court, New York County

Stroth, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 18, 2025
Supreme Court, New York County

Rent Stabilization Association of N.Y.C., Inc., Plaintiff,

against
Michael McKee, TENANTS POLITICAL ACTION COMMITTEE, INC., MET COUNCIL, INC. D/B/A METROPOLITAN COUNCIL ON HOUSING, AND REAL RENT REFORM CAMPAIGN, Defendant.

Index No. 155789/2018

Attorney for plaintiff: Linda S. Roth, Esq., Anthony D. Dougherty, Esq., and Trevor Prince, Jr., Esq.
Attorney for respondent: Turner P. Smith, Esq., Grace Condro, Esq., Michelle Bufano, Esq., and Frederick B. Warder, III, Esq.

Leslie A. Stroth, J.

The following e-filed documents, listed by NYSCEF document number (Motion 011) 20, 21, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 261, 262, 263, 264 were read on this motion to/for JUDGMENT - SUMMARY.
The following e-filed documents, listed by NYSCEF document number (Motion 012) 20, 21, 255, 256, 257, 258, 261, 266, 267, 282, 284, 289 were read on this motion to/for ATTORNEY - FEES
The following e-filed documents, listed by NYSCEF document number (Motion 013) 20, 21, 255, 256, 257, 258, 261, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 283, 285, 286, 287, 288 were read on this motion to/for FEES/COMMISSIONS/DISBURSEMENTS.
Upon the foregoing documents, the court enters the following order.
BACKGROUND
On March 20, 2024, the court entered a decision that granted the previous summary judgment motion by defendants Michael McKee (McKee) and Tenants Political Action Committee, Inc. (TPAC) - in which co-defendant Met Council, Inc. (Met Council) had joined - [*2]for an order to dismiss the second amended complaint of the plaintiff Rent Stabilization Association of NYC, Inc. (RSA; motion sequence number 007). That decision also denied the RSA's cross motion for summary judgment on that second amended complaint (motion sequence number 008). The decision finally instructed defendants to file motions for reasonable court costs and attorney's fees. See NYSCEF documents 255-258. They did so (motion sequence numbers 012 and 013, respectively). However, in the interim the RSA had moved for summary judgment to dismiss defendants' counterclaims for said fees and costs (motion sequence number 011). The RSA also subsequently filed a notice of appeal of the court's March 20, 2024 decision, but has apparently not taken any further action with respect to an appeal. See NYSCEF document 279.
DISCUSSION
The Court of Appeals has long held that "New York follows the general rule that 'attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule.'" Matter of Part 60 Put-Back Litig., 36 NY3d 342, 361 (2020), quoting Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 (1989). Here, defendants' original answers merely requested awards of attorney's fees and court costs[FN1]
 as incidental items in their respective prayers for relief. See NYSCEF documents 20, 21. However, on December 4, 2023, the court entered an order that granted defendants' respective motions for leave to serve amended answers with discrete counterclaims for attorney's fees and costs pursuant to the "anti-SLAPP statute" - Civil Rights Law (CRL) § 70-a, et seq. (motion sequence numbers 009 & 010). See NYSCEF documents 228-230. It is to those counterclaims that the current summary judgment motions are directed.
A party moving for summary judgment bears the burden of proof, by competent, admissible evidence, that no material and triable issues of fact exist. See e.g., Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 (1985); Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 70 (1st Dept 2002). Once that showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action. See e.g., Zuckerman v City of New York, 49 NY2d 557, 562 (1980); Pemberton v New York City Tr. Auth., 304 AD2d 340, 342 (1st Dept 2003). Here, the parties' competing requests for summary judgment are directed to the three "anti-Slapp" counterclaims that both sets of defendants asserted in their respective amended answers. See NYSCEF documents 213, 218. The court will review each of them in turn.
Defendants' first counterclaim seeks relief pursuant to CRL § 70-a (1) (a), which provides as follows:
"A defendant in an action involving public petition and participation, . . . , may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action; provided that:
(a) costs and attorney's fees shall be recovered upon a demonstration, . . ., that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law;"
CRL § 70-a (1) (a); see NYSCEF documents 213, ¶¶ 13-14; 218, ¶¶ 15-16. The RSA's Memorandum of Law argues that its defamation claim against defendants had "a substantial basis in fact and law" because the evidence established all of the elements of that cause of action, and then goes on to recite all of those elements and to list all of the allegedly supporting evidence. See NYSCEF document 237 at 3-16. Defendants respond that the RSA's argument - in effect - seeks to relitigate the court's prior grant of summary judgment dismissing the RSA's defamation claim. See NYSCEF document 262 at 3-4. The RSA's reply papers merely repeat the arguments in their initial brief. See NYSCEF document 264 at 2-6. The court finds that the RSA's arguments do indeed constitute an improper and unavailing attempt to relitigate an issue that it disposed of in the March 20, 2024 decision. The time to move for leave to renew or reargue that decision (30 days after entry of the judgment) has long passed. CPLR 2221 (d) (3). Therefore, the court rejects those arguments.
With respect to defendants' claim under CRL § 70-a (1) (a), the court notes that the Appellate Division, First Department, has recently recognized that "[a] motion court's dismissal of [an] action pursuant to CPLR 3211(a) (7) for failure to state a claim . . . establishe[s] that plaintiffs commenced and continued this action without 'a substantial basis in fact and law,'" and that "[t]herefore, defendant was entitled to costs and attorneys' fees under the anti-SLAPP laws." Aristocrat Plastic Surgery P.C. v Silva, 231 AD3d 663, 663 (1st Dept 2024). This case only differs from Aristocrat in that this court dismissed plaintiff's defamation claim on evidentiary grounds pursuant to CPLR 3212 rather than on pleading grounds pursuant to CPLR 3211. Under this circumstance, it is clear that the Aristocrat holding is controlling. The court notes that, while the pre-amendment version of CRL § 70-a (1) provided that fee awards pursuant to subparagraph (1) (a) were discretionary (see e.g., 161 Ludlow Food, LLC v L.E.S. Dwellers, Inc., 221 AD3d 517, 518 [1st Dept 2023]), and the First Department initially held that the 2020 amendments were intended to apply retroactively (Id., 221 AD3d at 518), the Court of Appeals subsequently ruled that "as enacted, the amendments apply to pending cases insofar as they have been continued after the effective date." Gottwald v Sebert, 40 NY3d 240, 259 (2023). 
Here, although the RSA commenced this action in 2018, the court entered its summary judgment ruling in 2023 and the parties filed the instant motions in 2024. It is thus clear that this case has "continued after the effective date" of the 2020 amendments to CRL § 70-a (1). Therefore, the court concludes that defendants' counterclaims are governed by the current version of CRL § 70-a (1), subparagraph (a), which entitles them to a mandatory award of attorney's fees and costs as a result of the court's dismissal of the RSA's defamation claim. Accordingly, the court denies so much of the RSA's motion as seeks dismissal of that counterclaim and grants so much of defendants' motion as seeks summary judgment on that counterclaim. This grant is on the issue of liability only. The issue of the calculation of the amount of money damages due to defendants will be determined at a separate hearing to be scheduled at a later date with a judicial hearing officer. At that hearing "the calculation of attorneys' fees awarded . . . should begin as of November 10, 2020, the effective date of the 2020 amendments." Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 25 (1st Dept 2024).
Defendants' second counterclaim seeks relief pursuant to CRL § 70-a (1) (b), which provides as follows:
"A defendant in an action involving public petition and participation, . . . , may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action; provided that:
(b) other compensatory damages may only be recovered upon an additional demonstration that the action involving public petition and participation was commenced or continued for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights;"
CRL § 70-a (1) (b); see NYSCEF documents 213, ¶¶ 15-16; 218, ¶¶ 17-18. Defendants third counterclaim seeks relief pursuant to CRL § 70-a (1) (c), which provides as follows:
"(c) punitive damages may only be recovered upon an additional demonstration that the action involving public petition and participation was commenced or continued for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights;"
CRL § 70-a (1) (c); see NYSCEF documents 213, ¶¶ 17-18; 218, ¶¶ 19-20. The First Department holds that awards pursuant to these statutes are only proper where the claiming party demonstrates that the accused party acted "solely with malicious intent." See 215 W. 84th St Owner LLC v Bailey, 217 AD3d 488, 489 (1st Dept 2023). In connection with this rule, the First Department requires the claiming party to satisfy the "actual malice" standard set forth in CRL § 76-a (2), under which he or she must demonstrate, by clear and convincing evidence that the statement(s) at issue were made with knowledge of their falsity or with reckless disregard of whether they were false. CRL § 76-a (2); see e.g., Gillespie v Kling, 217 AD3d 566, 567(1st Dept 2023); Bobulinski v Tarlov, __ FSupp3d __, 2024 WL 4893277, *8 (SD NY 2024). The RSA argues that defendants have failed to meet their burden of proof with respect to these claims. See NYSCEF document 237 at 17-19. The Court finds the same. Defendants' response consists of the conclusory statement that:
"It should go without saying that launching a $40 million lawsuit against a man in his 80s, who has devoted his career to the protection of tenants' rights, is an act of pure harassment, designed to very publicly punish McKee and Met Council, and to intimidate other advocates fighting for safe, stable and affordable housing in New York City;"
and the admission that: "[a]s it turns out, we may never get to the truth about what motivated RSA to sue" because the RSA's board of directors retained outside counsel to advise them whether to undertake this action, and counsel invoked the attorney-client privilege to refuse to answer questions about the RSA's decision-making process. See NYSCEF document 262 at 4-7. The court finds that the combination of a conclusory statement and an attempt to draw an inference does not, as a matter of law, satisfy the "clear and convincing" evidentiary standard. Thus, the court grants so much of plaintiff's motion as seeks summary judgment to dismiss defendants' second and third counterclaims, and concomitantly denies so much of defendants' motions as seeks summary judgment on those counterclaims.
DECISION
Accordingly, it is
ORDERED that the motion, pursuant to CPLR 3212, of the plaintiff Rent Stabilization Association of NYC, Inc. (motion sequence number 011) is denied with respect to defendants' first counterclaim and granted with respect to the second and third counterclaims; and it is further
ORDERED that the motion, pursuant to CPLR 3212, of the defendants Michael McKee and the Tenants Political Action Committee, Inc. (motion sequence 012) is granted to the extent that said defendants are awarded summary judgment on the issue of liability only with respect to the first counterclaim in their amended answer, but is denied with respect to the second and third counterclaims; and it is further
ORDERED that the motion, pursuant to CPLR 3212, of defendant Met Council, Inc. d/b/a Metropolitan Council on Housing (motion sequence 013) is granted to the extent that said defendant is awarded summary judgment on the issue of liability only with respect to the first counterclaim in its amended answer, but is denied same with respect to the second and third counterclaims; and it is further
ORDERED that the issue of determining the amount of money damages (including reasonable attorney's fees and costs) that are due to said defendants from plaintiff in connection with the first counterclaim shall be decided at a hearing to be scheduled with a Judicial Hearing Officer (JHO) or Special Referee to hear and determine; and it is further
ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further
ORDERED that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court at www.nycourts.gov/supctmanh at the "References" link ), shall assign this matter at the initial appearance to an available JHO/Special Referee to determine as specified above; and it is further
ORDERED that counsel shall immediately consult with one another and counsel for plaintiff shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by (212-401-9186) or e-mail (spref&commat;nycourts.gov) an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further
ORDERED that the plaintiff shall serve a proposed accounting within 24 days from the date of this order and the defendant(s)/respondent(s) shall serve objections to the proposed accounting within 20 days from service of plaintiff papers and the foregoing papers shall be filed with the Special Referee Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further
ORDERED that the parties shall appear for the referenced hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further
ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for [*3]good cause shown, the hearing of the issues specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further
ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules).
ORDERED that within thirty (30) days of the entry of this order, counsel are directed to contact the Clerk of this Part to schedule a date for said hearing on the issues of damages.
The foregoing constitutes the decision and order of the Court.
DATE: 3/18/2025
LESLIE A. STROTH, JSC

Footnotes

Footnote 1: CPLR 8101 provides that "[t]he party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances."